UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Isaac Peterson, | ) | CASE NO. 1:24 CV 631 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Willoughby Hills Police Dept., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Isaac Peterson filed this action under 18 U.S.C. §§ 241 and 242, on behalf of himself and Latoya Brisco against the Willoughby Hills Police Department, Officer Boepple, Officer Coninenza, Officer McDermott, and Officer Hite. The allegations in Plaintiff's Complaint consist of one sentence, "I was arrested for being stuck on the public roadside." (Doc. No. 1 at PageID #: 4). He asserts violations of 18 U.S.C. §§ 241 and 242, two statutes which provide for criminal penalties for conspiring to "injure, oppress, threaten, or intimidate" a person's free exercise of his or her constitutional rights, and willfully subjecting a person to the deprivation of constitutional rights by reason of race or national origin. He indicates his relief is "to be determined." (Doc. No. 1 at PageID #: 4).

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No 2). The Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Plaintiff's Complaint does not meet the basic pleading requirements of Federal Civil Procedure Rule 8. Rule 8 requires a plaintiff to submit a short, plain, and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, a complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain sufficient factual allegations to meet the pleading requirements. Moreover, the one sentence Plaintiff includes in his Complaint does not indicate how the Defendants were involved in the incident. Without material factual allegations, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Furthermore, Plaintiff fails to identify a cognizable legal claim. He indicates he is bringing this action under 18 U.S.C. §§ 241 and 242. These are criminal statutes providing for criminal charges and penalties. They do not provide a private right of action in a civil case. *See Booth v. Henson*, 290 Fed. Appx. 919, 920 (6th Cir.2008) (affirming dismissal of plaintiff's lawsuit under §§ 241 and 242, because the relief sought in the complaint "is not available to a private citizen"); *Abner v. General Motors*, 103 Fed.Appx. 563, 566 (6th Cir. 2004) (the plaintiff's attempt to invoke 18 U.S.C. § 241 failed "because that statute does not provide a civil action for damages" and a private citizen "cannot initiate a federal criminal prosecution"); *United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003) (finding that "the District Court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes").

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/18/24